The opinion of the court was delivered by
Breaux, J.
The Board of Commissioners of the Orleans Levee District, under authority of law, appropriated property known as the Carrollton Railroad Depot at the same time that it appropriated the property of a number of other persons, upon which it built and constructed a levee.
In 1892 a statute was enacted by the General Assembly authorizing the defendant board to levy a special tax in order to indemnify those whose property had been thus appropriated; the statute provided that the amount to be paid each owner should not exceed the assessed value at the time it was appropriated.
This suit was brought to recover the alleged value of the property, and to that end the plaintiff alleges that since more than fifty years they are the owners, and in proof produced title.
The defendant urges that plaintiff is without right, for the reason that the map in evidence shows that the greater part of the buildings upon defendant’s property was standing within the limits of the public streets.
In the second place, the defendant avers that the plaintiff has already received compensation for the expropriated property, and lastly defendant contends that the property is not in value equal to the amount claimed.
Evidence to prove the value of the property was admitted. The assessment roll shows that the year the property was expropriated it was assessed at the amount now claimed by the plaintiff.
The judgment of the District Court was for plaintiff, in the sum *1100 of sixteen thousand six hundred and twenty dollars, and condemned the plaintiff to pay costs.
From the judgment the defendant prosecutes this appeal.
In the answer to the appeal the plaintiff prays that the judgment in its favor be increased to the amount claimed in its petition, subject to a credit of eleven hundred dollars; and that costs be paid by the defendant.
Returning to the fifth question — the ownership of the property— the evidence shows that it was bought by the plaintiff in 1833, and that the title was duly recorded. This is not disputed by the defendant. The defence is limited to the maps, i. e., as to their effect as evidence, showing, the defendant argues, that part of the property was a public street prior to and at the date of the appropriation.
The maps were offered by plaintiff to show the locus in quo. The whole property was assessed as the property of the plaintiff. These maps are not translative of title; nor do they, without the aid of any other evidence whatever, make proof of expropriation. All the witnesses agree in the statement that all the property of defendant, at the point already stated, was appropriated by the Levee Board, in order to construct thereon part of a new levee. In fixing the value no reference was made to any claim the city had to any part of the property as a street. The plaintiff was, in so far as the record shows, the undisputed owner of the property.
Moreover, there was a meeting called of all those whose names were on the assessment rolls to come before the Special Committee of the defendant corporation to obtain title from them and fix the values of the different properties'.
At the instance of the defendant the value of the property of plaintiff was fixed at seventeen thousand seven hundred and twenty dollars; nothing was said before that committee of a street running over any part of the property.
It is true that the claim of the defendant railroad company was rejected, and no amount was allowed by the defendant, but the re - jection was not on the ground that it did not own the property.
. The principal point on which the defence rests is the value of a franchise granted by the city of New Orleans to the plaintiff some time after the defendant had made the appropriation before mentioned. It is urged that the value is equal to the amount plaintiff *1101 can claim as indemnity, and that the former (the grant of the franchise) should be considered a fair compensation for the expropriation. In the preamble of the grant it is stated the depot of the New Orleans & Oarrollton Railroad Company has been appropriated and destroyed by the Levee Board of the parish of Orleans for the construction of the new protection levee.
In the ordinance following the preamble no mention is made of indemnity. The ordinance is a mere grant of franchise without any reference to indemnity intended or to any consideration whatever. In the absence of any expression in the text upon the subject we would not be justified in assuming that it was the intention of the City Council to grant a franchise as an indemnity for an appropriation. The two corporations are separate and distinct. Their functions are not the same. The former has naught to do with the appropriations of the latter.
Another depot and workshops were needed by plaintiffs. They bought the site some seven or eight squares from the expropriated depot. Access to this property was essential. The right of way was given through certain named streets. Several causes may have moved the Council to make this grant.
There were contractual obligations between the city and the plaintiff entered into with the view of benefit to each. The former was interested in the successful operation of the road. It is not for us to determine, in the absence of an expression upon the subject, what motive prompted the Council, or that the Council, by a grant of franchise, intended an indemnity to the defendant.
The quantum of indemnity presents the next question. The appellant insists that the amount claimed is excessive, while the appellee prays for an amendment of the judgment and an increase to the amount claimed in the petition.
The witnesses greatly differ in regard to the value of the property. The assessment was considerably higher than it had been the previous year, owing, it seems, to the increase in the value of property in the locality.
Despite the increase in value, some of the witnesses thought that it was a high assessment; others estimated its value at considerably less. The weight of the evidence, we think, sustains the value placed upon it by the defendant. It serves as a basis for the judg *1102 ment of the District Court. We agree with the conclusion arrived at by the learned judge of that court as to that amount. The property of the old depot remaining to the plaintiff was valued at eleven hundred dollars. This, we think, should be deducted from the value of the whole property. To that extent the defendant is entitled to credit on the amount due for indemnity; it was part of the depot property valued which was not essential in building the new levee.
With reference to the cost: It was not disputed in oral argument; costs are due by the one cast. There are no special statutes exempting the defendant from the effect of the textual provisions of Art. 549 of the Code of Practice. In this respect, also, the judgment is amended.
It is ordered and adjudged that the judgment appealed from be amended by condemning the defendant to pay the costs of suit in the District Court.
As amended the judgment is affirmed.
Costs of appeal to be paid by the appellee.